UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY S. PERRI,<br><br>                Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>                Defendants. | CASE NO. 3:22-CV-5656-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 28, 2022 |

Plaintiff Anthony S. Perri, proceeding *pro se*, initiated this action on September 7, 2022. *See* Dkt. 1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22.

Having reviewed Plaintiff's Application to Proceed IFP and screened the Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court recommends Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

## I. Background

On September 7, 2022, Plaintiff filed the Proposed Complaint naming Kilolo Kijakazi, Andrew M. Saul, and four John/Jane Does as Defendants. Dkt. 1-1. Plaintiff filed the Application to Proceed IFP on September 26, 2022. Dkt. 4.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal

without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint is incoherent and fanciful. *See* Dkt. 1-1. The facts alleged by the Plaintiff do not rise above the speculative level and are largely outside the realm of possibility. For example, Plaintiff states his social security benefits were terminated in 2012 because of a false charge. *Id*. In 2019, Plaintiff was attempting to get his social security benefits reinstated. He states the employee at the social security office stopped helping him and stated Plaintiff's case was for Eric Trump. He contends he is blamed for everything that happens between the Democrats and Republicans. *Id*. The Proposed Complaint contains several other unintelligible claims. *Id*. Plaintiff does not articulate any cognizable legal claims against Defendants. Therefore, the Court finds the Proposed Complaint fails to state a claim upon which relief can be granted and is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts."); *see also Norton v. Amador Cnty. Detention Facility*, 2009 WL 3824755 slip op. at 2 (E.D. Cal. 2009) (listing cases dismissed based upon fantastical or delusional allegations).

The Court further finds the Proposed Complaint fails to contain factual allegations that could plausibly give rise to a claim and, thus, the undersigned finds dismissal without leave to amend is appropriate in this case.

### III.    Conclusion

For the above stated reasons, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 4) be denied and this case be dismissed.

1        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

5 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

6 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

7 imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

8 October 28, 2022, as noted in the caption.

9        Dated this 11th day of October, 2022.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge